**Scott R. DuVALT, Plaintiff–Appellant,**

v.

**Scott S. TAGGART, Custer County Deputy; Robert Taylor; Lavon Loynd, Custer County Prosecuting Attorney; County of Custer; Custer County Sheriff; Jerry Butler, dba Mountain Valley Towing; Mountain Valley Towing, Defendants–Appellees.**

No. 05–35086.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2006.*

Filed Nov. 1, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Scott R. DuValt, Boise, ID, pro se.

Mark A. Kubinski, Office of the Idaho Attorney General, Kirtlan G. Naylor, Esq., Naylor & Hales, Boise, ID, Jerald B. Butler, Mountain Valley Towing, MacKay, ID, for Defendants–Appellees.

Before: D.W. NELSON, THOMPSON, and PAEZ, Circuit Judges.

## MEMORANDUM **

Scott R. DuValt appeals the district court's order granting summary judgment in favor of Custer County and Sheriff Deputy Scott S. Taggart in DuValt's 42 U.S.C. § 1983 action.[1] DuValt alleges defendants caused his personal property to be lost or stolen after several deputies, including Taggart, impounded and searched his car and a trailer in which he was living. We affirm the district court's order granting summary judgment in favor of Taggart and the County.

Qualified immunity serves as a defense to § 1983 claims for government officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). To determine whether a public official is entitled to qualified immunity we apply the two-part test established by *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

It is well-settled that it is a violation of an individual's constitutional rights for the state to deprive an individual of a "constitutionally protected interest in life, liberty, or property ... without due process of law." *Zinermon v. Burch*, 494 U.S. 113, 126, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). Because the deprivation "took place at a specific, predictable point in the process," a pre-deprivation hearing was possible, and Taggart had the "power and authority to effect the very deprivation

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. DuValt raises a total of nine issues on appeal. We summarily affirm the district court's rulings on seven of these issues, concluding that the district court did not commit reversible error by: (1) denying DuValt's motions for default judgment; (2) denying DuValt's motion for sanctions; (3) allowing defendants' second motion for summary judgment; (4) denying DuValt's motion for judgment on the pleadings; (5) enforcing the bankruptcy stay with regard to Mountain Valley Towing; (6) denying DuValt's motion to join the City of Challis and the Butlers' surety; and (7) denying DuValt's motion for costs and attorney's fees.

complained of," *Zinermon*, 494 U.S. at 136–38, 110 S.Ct. at 989–90, Taggart should have conducted some kind of hearing *prior* to authorizing the release of Du-Valt's property.

However, although DuValt's claim against Taggart rises to the level of a constitutional violation, the law was not clearly established such that Taggart had fair notice he was acting unlawfully. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987). Therefore, we affirm the district court's order granting summary judgment in favor of Taggart on qualified immunity grounds.

We also affirm the district court's order granting summary judgment in favor of Custer County. Local government entities can be sued for damages under § 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of New York City*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). A municipality can also be liable under § 1983 if its failure to adopt a policy reflects "deliberate indifference" to the plaintiff's rights. *City of Canton v. Harris*, 489 U.S. 378, 390, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989).

The County had no "officially adopted and promulgated" policy at the time of DuValt's arrest concerning either the inventorying of personal property in an impounded vehicle or how to proceed when multiple parties assert ownership over a vehicle and/or the property therein. Furthermore, no reasonable jury could conclude that the lack of such a policy would so obviously result in the violation of con-

stitutional rights that it indicated "deliberate indifference" on behalf of the County.

**AFFIRMED.**